

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALLEN V. SCHEINER, on Behalf of Himself and All Others Similarly Situated, | * * * | |
| Plaintiff, | * * | |
| v. | * * | Civil No. 3:01-CV-418-H (Consolidated) |
| i2 TECHNOLOGIES, INC., SANJIV S. SINHU, GREGORY A. BRADY, and WILLIAM M. BEECHER, | * * * * | **CLASS ACTION** |
| Defendants. | * | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Alan Spector's Motion to Intervene to Unseal Documents Filed with the Court, filed October 22, 2003; Lead Plaintiffs' Response in Opposition, filed November 5, 2003; Defendant i2 Technologies, Inc.'s Response in Opposition, filed November 5, 2003; and Alan Spector's combined Reply, filed November 12, 2003. Proposed intervenor Alan Spector ("Spector") seeks to intervene in the instant case to request that the Court to review the Third Amended Complaint, filed under seal September 30, 2003, and "determine the applicability of the Protective Order to the portion labeled by the parties . . . as Confidential."[1] (Reply at 1.) Upon review of the pleadings, briefs, and relevant authorities, the Court is of the Opinion for the reasons stated below that Alan Spector's Motion to Intervene should be **DENIED**.

I.  BACKGROUND

The instant case began in March 2001 as a securities class action. Discovery

---

[1]In his Reply, proposed intervenor Alan Spector clarified the purpose seeking intervention as quoted. The Court will consider Spector's Reply as defining what he seeks in his motion.

commenced in mid-2002 when Plaintiffs served Defendants with requests for production of documents. The Court entered an agreed protective order on January 13, 2003, to provide procedures for the parties to designate certain information obtained as confidential and to minimize the danger of such information becoming public and harming i2 Technologies, Inc.'s ("i2") competitive standing. Plaintiffs filed their Third Amended Complaint ("Complaint") on September 30, 2003, and, on request from the parties, the Court ordered the Complaint sealed. Only portions of the Complaint were designated as Confidential, however, and a redacted version of the Complaint is available to the public.

In April 2003, proposed intervenor Alan Spector filed a derivative securities action on behalf of i2 against the individual defendants named in the instant case and other officers and directors of i2 (*Spector v. Sidhu*, 3:03-CV-0841-H). Currently, a Motion to Dismiss Spector's derivative action is pending. Discovery in the derivative action has not commenced.

Spector filed this Motion to Intervene on October 22, 2003, to contest the protective order and to seek access to the sealed Complaint. Spector argues that he has a common law right of access to the Complaint as a Court document and that the Court should balance the parties' need for secrecy with Spector's right of access, that the Court should review the redacted portions of the Complaint to determine whether there is a legitimate reason to keep those portions sealed, and to unseal any portions the Court determines would not harm the parties.

## II.   ANALYSIS

Federal Rule of Civil Procedure 24(b) defines the requirements for permissive intervention: "Upon timely application anyone may be permitted to intervene in an action: 1) when a statute of the United States confers a conditional right to intervene; or 2) when an applicant's claim or defense and the main action have a question of law or fact in common." FED.R.CIV.P.

24(b). Even though there may be a common question of law or fact, intervention is "wholly discretionary with the district court." *Nationwide Money Services, Inc. v. Convenient Cash Sys., L.L.C.*, No. 3:03-CV-0931-D, 2002 WL 31455506, * 1 (N.D.Tex. Oct. 31, 2002) (quoting *Bush v. Viterna*, 740 F.2d 350, 359 (5th Cir. 1984) (per curiam)). The purpose of the intervention rule is "to prevent multiple lawsuits where common questions of law or fact are involved but is not intended to allow the creation of whole new lawsuits by the intervenors." *Deus v. Allstate Ins. Co.*, 15 F.3d 506, 525 (5th Cir. 1994).

The Fifth Circuit has ruled that when the only purpose of intervention is to gain access to documents and testimony subject to a protective order, the intervenor does not have a "justiciable controversy or claim, absent some underlying right creating standing for the movants." *Id.* The Court can discern no underlying right in the instant case. *See also Diaz v. Southern Drilling Corp.*, 427 F.2d 1118 (5th Cir.), *cert denied*, 400 U.S. 878 (1970).

Spector argues that the common law right of access to Court documents is the "underlying right creating standing" in the instant case. Although it is doubtful that the common law right of access creates standing, given the Fifth Circuit's ruling in *Deus*, the Court, in an abundance of caution, will address Spector's common law right of access.

There is a presumption in favor of public access to judicial records in the Fifth Circuit. *See Belo Broadcasting Corp. v. Clark*, 654 F.2d 423, 433 (5th Cir. 1981). However, this right is not absolute, and "has bowed before the power of the court to insure that its records are not used as vehicles for improper purposes." *Id.* at 434, n.29 (internal quotations omitted) (citing a court's refusal to permit their files to serve as "sources of business information that might harm a litigant's competitive standing " as one improper purpose). A Court may even deny access to judicial documents if the purpose for which it is requested is not improper. *Id.* at 434. "[A]

number of factors may militate against public access." *Id*.

Defendant i2 argues that the redacted portions of the Complaint consist of "communications with i2's customers and internal communications regarding the capabilities and integrated nature of i2's software" and that public disclosure of this information would put i2 at a competitive disadvantage. After reviewing the redacted portions of the Complaint, the Court finds that i2's characterization of the redacted portions is correct and that public disclosure would harm i2's competitive standing. Therefore, the Court DENIES Spector's Motion to Intervene and will not order any of the redacted portions of the Complaint unsealed.

### III.  CONCLUSION

For the reasons stated above, Alan Spector's Motion to Intervene to Unseal Documents Filed with the Court is **DENIED**.

SO ORDERED.

DATED: November 24, 2003.

_____
BAREFOOT SANDERS, SENIOR JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS