ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

OCT - 1 2004

CLERK, U.S. DISTRICT COURT
By _____
        Deputy

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALLEN V. SCHEINER, on Behalf of Himself and All Others Similarly Situated, | § § § | Civil No. 3:01-CV-418-H (Consolidated) |
| PLAINTIFF, | § § | |
| v. | § § | |
| i2 TECHNOLOGIES, INC., SANJIV S. SIDHU, GREGORY A. BRADY, WILLIAM M. BEECHER and ARTHUR ANDERSEN LLP, | § § § § § | CLASS ACTION |
| DEFENDANTS. | § § | |

## ORDER AND FINAL JUDGMENT

On the 1st day of October, 2004, a hearing having been held before this Court to determine: (1) whether the terms and conditions of the Stipulation and Agreement of Settlement with Certain Defendants dated May 7, 2004 (the "Stipulation") are fair, reasonable and adequate for the settlement of all claims asserted by the Settlement Class and current holders against the Settling Defendants in the actions now pending in this Court under the above captions, including the release of the Settling Defendants and the Released Parties, and should be approved; (2) whether judgment should be entered dismissing the actions on the merits and with prejudice in favor of the Settling Defendants only and as against all persons or entities who are members of the Settlement Class herein who have not requested exclusion therefrom; (3) whether to approve the Plan of Allocation as a fair and reasonable method to allocate the settlement proceeds among the members of the Settlement Class; and (4) whether and in what amount to award Plaintiffs' Counsel fees and reimbursement of expenses. The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that a notice of the hearing

substantially in the form approved by the Court was mailed to all persons or entities who purchased or otherwise acquired i2 common stock between March 22, 2000 and July 21, 2003, inclusive (the "Settlement Class Period"), and who were damaged thereby (the "Settlement Class"), or were current holders of i2 common stock except those persons or entities excluded from the definition of the Settlement Class, as shown by the records of i2's transfer agent, at the respective addresses set forth in such records, and that a summary notice of the hearing substantially in the form approved by the Court was published in the national edition of *The Wall Street Journal* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested; and all capitalized terms used herein having the meanings as set forth and defined in the Stipulation.

IT IS HEREBY ORDERED THAT:

1. The Court has jurisdiction over the subject matter of the Action, the Lead Plaintiffs, all Settlement Class Members and the Settling Defendants.

2. The Court finds that for the purposes of the Settlement, the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Class Representatives are typical of the claims of the Settlement Class they seek to represent; (d) the Class Representatives have and will fairly and adequately represent the interests of the Settlement Class; (e) the questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure and for the purposes of the Settlement this Court hereby finally certifies this action as a class action on behalf of all persons or entities who purchased or otherwise acquired i2 common stock between March 22, 2000 and July 21, 2003, inclusive, and who were damaged thereby. Excluded from the Settlement Class are the Defendants in this action, members of the immediate families (parents, spouses, siblings, and children) of each of the Defendants, any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant has a controlling interest or which is related to or affiliated with any of the Defendants, and the legal representatives, heirs, successors in interest or assigns of any such excluded party. Also excluded from the Settlement Class are the putative Class Members listed on Exhibit "1" annexed hereto, who have excluded themselves from the Settlement Class.

4. Plaintiffs assert claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 against i2 Technologies, Inc. and its present and former officers, Sanjiv S. Sidhu, Gregory A. Brady and William M. Beecher. The Complaint alleges that Settling Defendants made materially false and misleading statements regarding the difficulties and delays associated with the implementation and integration of i2's software products and about i2's financial condition and future earnings. For purposes of the Settlement, the Court certifies these claims for class treatment.

5. Having considered the factors described in Rule 23(g)(1) of the Federal Rules of Civil Procedure, the Court hereby appoints the law firms of Milberg Weiss Bershad & Schulman LLP, Johnson & Perkinson and Girard Gibbs & De Bartolomeo LLP as class counsel, and the law firm of Stanley, Mandel & Iola, L.L.P. as liaison counsel for the plaintiffs.

6. Notice of the pendency of this Action as a class action and of the proposed Settlement was given to all Settlement Class Members and those current holders of i2 common

stock who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the pendency of the action as a class action and of the terms and conditions of the proposed Settlement met the requirements of Rules 23 and 23.1 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), due process and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

7. The Settlement is approved as fair, reasonable and adequate, and the Settlement Class Members, current holders of i2 common stock and the parties are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

8. The Complaint, which the Court finds was filed on a good faith basis in accordance with the PSLRA and Rule 11 of the Federal Rules of Civil Procedure based upon all publicly available information, is hereby dismissed with prejudice and without costs, except as provided in the Stipulation, as against the Settling Defendants only.

9. Members of the Settlement Class and the successors and assigns of any of them, are hereby permanently barred and enjoined from instituting, commencing or prosecuting, either directly or in any other capacity, any and all Settled Claims against any and all of the Released Parties. "Released Parties" does not include Non-Settling Defendant Arthur Andersen LLP or any of its partners, principals, officers, directors, or employees, its predecessors, successors, and assigns, and any divisions or constituents, or constituent entities. The Settled Claims are hereby compromised, settled, released, discharged and dismissed as against the Released Parties on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

10. The Settling Defendants and the successors and assigns of any of them, are hereby permanently barred and enjoined from instituting, commencing or prosecuting, either directly or in any other capacity, any and all Settled Defendants' Claims against any of the Lead Plaintiffs, Settlement Class Members or their attorneys. The Settled Defendants' Claims of all the Released Parties are hereby compromised, settled, released, discharged and dismissed on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

11. The Released Parties are hereby discharged from all claims for indemnity and contribution by any person or entity, whether arising under state, federal or common law, based upon, arising out of, relating to or in connection with the Settled Claims of the Settlement Class or any Settlement Class Member, other than claims for indemnity asserted against a Released Party by a person or entity whose liability to the Settlement Class has been extinguished pursuant to the Stipulation of Settlement and this Order and Final Judgment. Accordingly, the Court hereby bars all claims for indemnity and/or contribution by or against the Released Parties based upon, arising out of, relating to or in connection with the Settled Claims of the Settlement Class or any Settlement Class Member; provided, however, that this bar order does not prevent any person or entity whose liability to the Class has been extinguished pursuant to the Stipulation of Settlement and this Order and Final Judgment from asserting a claim for indemnity against a Released Party.

12. Neither this Order and Final Judgment, the Stipulation, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein shall be:

(a) offered or received against the Settling Defendants or against the Lead Plaintiffs or the Settlement Class as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any of the Settling Defendants or by any of the Lead

Plaintiffs or the Settlement Class with respect to the truth of any fact alleged by Lead Plaintiffs or the validity of any claim that had been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of the Settling Defendants;

(b) offered or received against the Settling Defendants as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Settling Defendant, or against the Lead Plaintiffs and the Settlement Class as evidence of any infirmity in the claims of Lead Plaintiffs and the Settlement Class;

(c) offered or received against the Settling Defendants or against the Lead Plaintiffs or the Settlement Class as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the parties to the Stipulation, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that Settling Defendants may refer to the Stipulation to effectuate the liability protection granted them thereunder;

(d) construed against the Settling Defendants or the Lead Plaintiffs and the Settlement Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; or

(e) construed as or received in evidence as an admission, concession or presumption against Lead Plaintiffs or the Settlement Class or any of them that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the Settlement Fund.

13. The Plan of Allocation is approved as fair and reasonable, and the Claims Administrator is directed to administer the Stipulation in accordance with its terms and provisions.

14. The Court finds that all parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

15. Plaintiffs' Counsel are hereby awarded __25__% [25% requested] of the Gross Settlement Fund in fees, which sum the Court finds to be fair and reasonable, and $ __1,196,015.65__ [$1,196,015.65 requested] in reimbursement of expenses, which expenses shall be paid to Plaintiffs' Co-Lead Counsel from the Settlement Fund with interest from the date such Settlement Fund was funded to the date of payment at the same net rate that the Settlement Fund earns. The award of attorneys' fees shall be allocated among Plaintiffs' Counsel in a fashion which, in the opinion of Plaintiffs' Co-Lead Counsel, fairly compensates Plaintiffs' Counsel for their respective contributions in the prosecution of the Action.

16. In making this award of attorneys' fees and reimbursement of expenses to be paid from the Gross Settlement Fund, the Court has considered and found that:

(a) the settlement has created a fund of $84,850,000.00 in cash that is already on deposit, plus interest thereon and that numerous Settlement Class Members who file acceptable proofs of claim will benefit from the Settlement created by Plaintiffs' Counsel;

(b) i2's adoption of substantial corporate governance reforms proposed and negotiated by Plaintiffs' Counsel;

(c) A total of 454,417 copies of the Settlement Notice were disseminated to putative Class Members indicating that Plaintiffs' Co-Lead Counsel were moving for attorneys' fees in the amount of up to one-third (33 1/3%) of the Gross Settlement Fund and for reimbursement of expenses in an amount of approximately $1,500,000 and certain objections

7

were filed against the terms of the proposed Settlement or the maximum fees and expenses requested which could be requested by Plaintiffs' Counsel contained in the Settlement Notice and Plaintiffs' Counsel filed a supplemental brief responding to all such objections;

(d) Plaintiffs' Co-Lead Counsel have conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

(e) The action involves complex factual and legal issues and was actively prosecuted over three years and, in the absence of a settlement, would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

(f) Had Plaintiffs' Co-Lead Counsel not achieved the Settlement there would remain a significant risk that the Settlement Class may have recovered less or nothing from the Settling Defendants;

(g) Plaintiffs' Counsel have devoted over 14,800 hours, with a lodestar value of $6,669,655.13, to achieve the Settlement; and

(h) The amounts of attorneys' fees awarded and expenses reimbursed from the Settlement Fund are consistent with awards in similar cases.

17. Exclusive jurisdiction is hereby retained over the parties and the Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the members of the Settlement Class.

18. Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

19. There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54 (b) of the Federal Rules of Civil Procedure.

20. The Clerk of the Court is directed to enter this order in the files of each of the above-captioned civil actions.

SIGNED this  1st  day of October, 2004

_____
THE HONORABLE BAREFOOT SANDERS
UNITED STATES SENIOR DISTRICT JUDGE

**EXHIBIT "1"**

**List of Persons and Entities Excluded from the Settlement Class in**
***Scheiner, et al. v. i2 Technologies, Inc., et al.***

The following persons and entities, and only the following persons and entities, have properly excluded themselves from the Settlement Class:

| **IN RESPONSE TO THE SETTLEMENT NOTICE (timely)** ||
|---|---|
| 1. Sammy Price<br>26 Forest Drive<br>Roswell, New Mexico  88203 | 2. Thomas A. Townsend<br>437 Trail View Ln.<br>Garland, Texas  75043-5629 |
| 3. Kenneth Moskowitz<br>12 Hillside Court<br>Huntington Bay, New York  11743 | 4. Richard K. Hose & Janet K. Hose<br>Hose Family Trust<br>10335 Stonydale Dr.<br>Cupertino, California  95014 |
| 5. Richard K. Hose<br>10335 Stonydale Dr.<br>Cupertino, California  95014 | 6. Eric Anderson<br>178 Canyon Woods Rd<br>Anaheim Hills, California  92807 |
| 7. Ronald W. Howard<br>1604 Dowling Drive<br>Irving, Texas  75038 | 8. William E. Baldridge<br>c/o William B. Federman, Esq.<br>Federman & Sherwood<br>120 N. Robinson, Suite 2720<br>Oklahoma City, Oklahoma  73102<br><br>-and-<br><br>2926 Maple Avenue, Suite 200<br>Dallas, Texas  75201 |

| | |
|---|---|
| 9. 1997 Scottsdale Mirage, Ltd.<br>William E. Baldridge<br>c/o William B. Federman, Esq.<br>Federman & Sherwood<br>120 N. Robinson, Suite 2720<br>Oklahoma City, Oklahoma 73102<br><br>-and-<br><br>2926 Maple Avenue, Suite 200<br>Dallas, Texas 75201 | 10. 1998 Kirkwood Landing, LLC<br>William E. Baldridge<br>c/o William B. Federman, Esq.<br>Federman & Sherwood<br>120 N. Robinson, Suite 2720<br>Oklahoma City, Oklahoma 73102<br><br>-and-<br><br>2926 Maple Avenue, Suite 200<br>Dallas, Texas 75201 |
| 11. George Keritsis<br>c/o Federman & Sherwood<br>120 N. Robinson, Suite 2720<br>Oklahoma City, Oklahoma 73102 | 12. SCC Dunhill Trust<br>c/o Federman & Sherwood<br>120 N. Robinson, Suite 2720<br>Oklahoma City, Oklahoma 73102 |
| 13. Greek Orthodox Archdiocese Foundation<br>c/o Federman & Sherwood<br>120 N. Robinson, Suite 2720<br>Oklahoma City, Oklahoma 73102 | 14. Vic Mahadevan<br>c/o William B. Federman, Esq.<br>Federman & Sherwood<br>120 N. Robinson, Suite 2720<br>Oklahoma City, Oklahoma 73102<br><br>-and-<br><br>2926 Maple Avenue, Suite 200<br>Dallas, Texas 75201 |
| 15. Yonique M. Portsmouth<br>1031 Horatio Ave<br>Corona, California 92882 | 16. Stefan Kuhlmann<br>Ringstr. 11<br>D-90559 Burgthann-Oberferrieden<br>Germany |
| 17. Christian Knabbe<br>Taubenstr. 34<br>48268 Greven<br>Germany | |

| **IN RESPONSE TO THE SETTLEMENT NOTICE (late)** ||
|---|---|
| 1. MLPF&S Cust FPO<br>Francis P. Weimer, IRA<br>FBO Francis P. Weimer<br>10 Bittersweet Lane<br>Orchard Park, New York  14127<br>- and -<br>Linda Weimer<br>10 Bittersweet Lane<br>Orchard Park, New York  14127 | 2. Jiten Dihora<br>4521 Randall Drive<br>Hamilton, Ohio  45011 |
| 3. Joseph Levin<br>2355 – 157th Place SE<br>Bellevue, Washington  98008 | |

| **IN RESPONSE TO THE NOTICE OF PENDENCY (timely)** ||
|---|---|
| 1. BF Continuing Com Sup Fd Small Cap Equity<br>c/o Mellon Trust/Boston Safe Deposit & Trust Co.<br>525 William Penn Place, Room 3418<br>Pittsburgh, Pennsylvania  15259 | 2. Massachusetts Bay Transit Authority Retirement Fund<br>c/o Mellon Trust/Boston Safe Deposit & Trust Co.<br>525 William Penn Place, Room 3418<br>Pittsburgh, Pennsylvania  15259 |
| 3. Delaware Select Growth<br>c/o Mellon Trust/Boston Safe Deposit & Trust Co.<br>525 William Penn Place, Room 3418<br>Pittsburgh, Pennsylvania  15259 | 4. John D. Lynch<br>14520 NE 40th Street, Apt. #318<br>Bellevue, Washington  98007-3307 |
| 5. Terry Hillis<br>533 Jordan Street<br>Nevada City, California  95959 | 6. Yoshihide Miura<br>155 West 70th Street, 4-G<br>New York, New York  10023 |
| 7. Marguerite M. Royston<br>209 Lake Sever Drive<br>Winchester, Virginia  22603 | 8. Peter C. Hobbins<br>Seepark<br>Chamerstrasse 47<br>CH-6300 Zug |
| 9. Betty L. Jeffcoat<br>5418 25th Street<br>Lubbock, Texas  79407-2142 | 10. Marilyn J. Miller<br>7230 Maplewood Drive<br>Indianapolis, Indiana  46227 |

| | |
|---|---|
| 11. A.G. Edwards & Sons Custodian<br>C/F C.E. Long & Sons 249<br>FBO Ovid G. Long Profit Sharing Plan<br>492 McNary Rd.<br>Independence, Oregon 97351-9627 | 12. The Bank of New York Nominees Limited<br>(Accounts 152100 & 152102)<br>One Wall Street, 3rd Floor-A<br>New York, New York<br>Robin C S Smith, SIAff (Investment<br>Administration Manager) |
| 13. Robert F. & Sylvia A. Pierce<br>604 Idler Lane<br>Greenville, Illinois 62246 | 14. Robert F. Pierce<br>604 Idler Lane<br>Greenville, Illinois 62246<br>-and-<br>Tina R. Gault<br>84 Gillette Field Close<br>St. Charles, Missouri 63304<br>-and-<br>Andrea M. Templeton<br>1209 Mt. Olympus Drive<br>St. Peters, Missouri 63376 |
| 15. Margaret O. MacPherson<br>51993 Hwy 6<br>Glenwood Springs, Colorado 81601 | 16. Hugh H. MacPherson<br>51993 Hwy 6<br>Glenwood Springs, Colorado 81601 |
| 17. Kitti Poage<br>5606-84th Street<br>Lubbock, Texas 79424 | 18. Jim & Audrey D. Barnard<br>2028 Statler Drive<br>Carrollton, Texas 75007-5441 |
| 19. The Bank of New York Nominees Limited<br>(Accounts 152100 & 152102)<br>One Wall Street, 3rd Floor-A<br>New York, New York<br>Robin C S Smith, SIAff (Investment<br>Administration Manager) | 20. Mary M. Swanson<br>4000 Parkside Center Blvd., Apt 304<br>Dallas, Texas 75244 |
| 21. Alan C. Jirik<br>1 Buccaneer Court<br>Fort Worth, Texas 76179-3255 | 22. Dinh V. Nguyen<br>504 Bluefield Ln.<br>Fort Mill, South Carolina 29708 |
| 23. Michael Pucci<br>3341 Barker Avenue<br>Bronx, New York 10467 | 24. Rainer Link<br>D-65232 Taunussten<br>Dresdener Strabe 38<br>Germany |

| | |
|---|---|
| 25. Walter Fuhrmann<br>Falkenstrabe 19<br>70597 Stuttgart<br>Germany | 26. Wm. T. (Deceased) & Arlene T. Tsatsos<br>2406 Nicklaus Drive<br>Santa Maria, California 93455 |
| 27. Sivaram Hariharan<br>4024 Sapphire Cove<br>Weston, Florida 33331 | 28. Gianni Zorzino<br>Architectural Consultant<br>Microsoft Corp.<br>P.O. Box 52244<br>Dubai (U.A.E.) |
| 29. Irene F. Wright<br>73 Hiawatha Avenue<br>Waltham, Massachusetts 02541-3247 | |

| **IN RESPONSE TO THE NOTICE OF PENDENCY (late)** | |
|---|---|
| L1. Rolls-Royce & Bentley Pension Fund<br>VA Limited<br>65 Buckingham Gate<br>London<br>SWIE 6AT England | L2. Chester Bentley<br>3105 Pecan Lane<br>Garland, Texas 75041 |
| L3. Martin Dipper<br>Middle Earth<br>60 Sandy Lane<br>Wokingham<br>BERKS<br>RG41 4ST<br>United Kingdom | L4. Martin Dipper<br>Middle Earth<br>60 Sandy Lane<br>Wokingham<br>BERKS<br>RG41 4ST<br>United Kingdom |
| L5. Paul C. Castanon<br>11/13 rue Pergolese<br>75116 Paris, France | L6. George White<br>P.O. Box 1178<br>Elizabethtown, North Carolina 28337 |
| L7. Frank Benedetti<br>22975 SW Riverview Lane<br>Wilsonville, Oregon 97070 | L8. Karam Gill<br>4022-29 Avenue<br>Edmonton, Alberta, Canada T6L 3C6 |
| L9. Choice Investment Management<br>A/C Choice Balanced Fund<br>5299 DTC Blvd. Ste. 1150<br>Greenwood Village, Colorado 80111<br>Greg Drose, Chief Operating Officer | L10. Earl Brinkman & Joyce Mason-<br>Brinkman JTWROS<br>4044 Bridgewood Lane<br>Westlake Village, CA 91362-3703 |